IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LOUIS BROGDON,

    Plaintiff,

v.                                          No. 06-2314 B

UNITED STATES DEPARTMENT OF
AGRICULTURE,

    Defendant.

_____

ORDER OF DISMISSAL WITHOUT PREJUDICE
_____

The complaint was filed in this matter on May 24, 2006 by the Plaintiff, Louis Brogdon, who is represented by counsel. On October 6, 2006, upon Brogdon's failure to effect service on the Defendant, the United States Department of Agriculture, the Court issued an order directing Brogdon to show cause why the case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that,

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .

Thus, under the Rule, "[d]ismissal of the action 'shall' follow unless the 'plaintiff shows good cause.'" Nafziger v. McDermott Int'l, Inc., ___ F.3d ___, 2006 WL 2987778, at *6 (6th Cir. Oct 20, 2006); see also Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."). The burden of establishing good cause for failure to timely serve a complaint must be borne by the plaintiff. Habib v. Gen. Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994). "Good cause necessitates a

demonstration of why service was not made within the time constraints" of the Rule. Id. The determination of whether good cause exists lies within the sound discretion of the trial court. Id.

Plaintiff's counsel responded to the show cause order on November 6, 2006, stating as follows:

> Prior to filing the above action, Plaintiff, Louis Brogdon moved to Florida in an effort to seek assistance for personal and financial situations.
>
> That counsel continued to attempt to reach Mr. Brogdon to determine his interest in continuing the present litigation, in an effort to avoid the undue waste of the parties' or the Court's time.
>
> That through a friend of Mr. Brogdon's, currently residing in Memphis, counsel was recently able to speak to Mr. Brogdon, who has assured that he is addressing his personal situations and is willing to do what's necessary to address this cause of action.
>
> That counsel has prepared the summons and is prepared to serve the defendant immediately.

(Pl.'s Resp. to Order to Show Cause at 1-2.)[1]

Based on the Plaintiff's submission, it appears to the Court that he made no effort whatever to effect service on the Defendant *during the period set forth in Rule 4(m)*, which he must do to demonstrate good cause. Rather, he has simply been content to permit this action to languish, at least until the Court threatened dismissal, while he attended to matters he considered more pressing.

---

[1] In its October 6, 2006 order, the Court directed the Plaintiff to "show cause, within fifteen (15) days of the entry [t]hereof, why this action should not be dismissed for failure to effect service on the Defendant." (Order to Show Cause Why Case Should Not Be Dismissed at 1) The Court advised Brogdon that "[f]ailure to respond within the time period permitted [in the order] *will result in dismissal without prejudice.*" (Order to Show Cause Why Case Should Not Be Dismissed at 1) (emphasis supplied)  On October 27, 2006, the Court granted Plaintiff's motion for an extension of time, until November 3, 2006, in which to respond to the show cause order. Notwithstanding the Court's directive, Brogdon's response was not filed until November 6, 2006.

Failure to disclose any effort, even a minimal one, to effect timely service makes for an insufficient showing of good cause.  Hence, dismissal is warranted.  See Bush v. City of Zeeland, 74 F.App'x 581, 583 (6th Cir. 2003), cert. denied, 541 U.S. 1072, 124 S.Ct. 2415, 158 L.Ed.2d 982 (2004) (district court did not abuse its discretion when it dismissed complaint under Fed. R. Civ. P. 4(m) where plaintiff disclosed "no effort, however minimal, by the plaintiffs to effect service of process . . .").

    Accordingly, this lawsuit is DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED this 7th day of November, 2006.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE